IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MIKE McCLURE,

    Plaintiff,

v.

JAI SHRI GANESH, L.L.C.
  d/b/a HOLIDAY MOTEL,

    Defendant.

Case No. 22-CV-006-JFH

## OPINION AND ORDER

Before the Court is the Motion to Remand to State Court ("Motion to Remand") filed by Plaintiff Mike McClure ("Plaintiff"). Dkt. No. 9. Defendant Jai Shri Ganesh, LLC d/b/a Holiday Motel ("Defendant") filed a Response [Dkt. No. 12] and two supplements to its Response [Dkt. Nos. 18, 22]. Plaintiff submitted a Reply in Support of his Motion to Remand. Dkt. No. 13. For the following reasons, Plaintiff's Motion to Remand [Dkt. No. 9] is DENIED.

## BACKGROUND

This case arises out of an alleged injury sustained by Plaintiff while he was a guest at the Holiday Motel in Hugo, Choctaw County, Oklahoma on or about September 19, 2019. Dkt. No. 2-1 at ¶¶ 1-2. On August 9, 2021, Plaintiff initiated this action by filing a Petition in Choctaw County District Court asserting a claim of negligence against Defendant.[1] *Id*. At the time of filing his Petition, Plaintiff was incarcerated in Texas serving a three-year prison sentence which began on December 27, 2019. Dkt. No. 9 at 1; Dkt. No. 12-5. In his Petition, Plaintiff stated he was seeking "an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, in addition to judgment interest, costs, attorney fees,

---

[1] Choctaw County District Court, Case No. CJ-2021-23.

and all other relief available to Plaintiff . . . ." *Id*. Plaintiff's Petition was silent as to citizenship of the parties.

Defendant timely filed its Notice of Removal on January 4, 2022, thereby removing the action to this Court. Dkt. No. 2. Plaintiff responded with the instant Motion to Remand. Dkt. No. 9. In his Motion, Plaintiff argued that removal was improper and that remand is required because this Court lacks subject matter jurisdiction due to lack of diversity among the parties. *Id*. Specifically, Plaintiff states that immediately prior to his incarceration in the State of Texas, he resided in Oklahoma with an intent to remain in the state and, therefore, is a citizen of Oklahoma for purposes of diversity jurisdiction. Dkt. No. 9 at ¶ 4; Dkt. No. 9-3.

Defendant's Response disagreed, arguing that Plaintiff resided in Texas prior to his incarceration, and that Plaintiff, through his actions, established an intent to remain in Texas upon release. Dkt. No. 12 at 2-4. Defendant provided the following evidence in support of its contention that Plaintiff was domiciled in Texas:

1. A registration slip for the Holiday Motel dated September 16, 2019 signed by Plaintiff, listing an address of 302 Sunset Drive, Hooks, TX 75561;[2]

2. A memoranda of transfer form dated September 20, 2019 signed by Plaintiff's wife, listing an address of 302 Sunset Drive, Hooks, TX 75561;

3. A medical document for Plaintiff from Paris Regional Medical Center dated October 13, 2019, listing an address of 302 Sunset Drive, Hooks, TX 75561;

4. A form for Plaintiff from Choctaw County Ambulance Authority dated November 20, 2019, listing an address of 302 Sunset Drive, Hooks, TX 75561;

5. A photo of Plaintiff's Texas driver's license; and

6. A comprehensive assessment plan dated January 12, 2022 signed by Plaintiff, stating that he "expects to parole to his home in Bowie County TX."

---

[2] Although not necessarily indicative of domicile, the Court notes that the phone number provided by Plaintiff on the registration slip has a Texas area code.

Dkt. Nos. 12-1; 12-2; 12-3; 12-4; 12-6; and 18-1.  Plaintiff then filed a Reply providing the following evidence in support of his contention that he was domiciled in Oklahoma:

1. An affidavit signed by Plaintiff stating that "immediately prior to [Plaintiff's] incarceration in 2020, [Plaintiff] resided at 3347 E. 2105 Road, Hugo, OK 74743 . . ." and that upon his release from East Texas Treatment Facility he "intend[s] to return to Oklahoma and live with [his] father";

2. An affidavit signed by Plaintiff's mother, Patricia Peacock, which states that while she "would occasionally receive mail for [Plaintiff] . . . [Plaintiff] did not reside at 302 Sunset Drive, Hooks, Texas" and that "to [her] knowledge, it is [Plaintiff's] desire to return to Oklahoma to care for his father"; and

3. An appearance bond form dated December 5, 2019 signed by Plaintiff, listing an address of 3427 East 2015 Rd., Hugo, OK.

Dkt. Nos. 9-3 at ¶ 3; 13-1; 13-2.

## STANDARD OF REMOVAL

Federal courts are courts of "limited jurisdiction and, as such, must have statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.2d 952, 955 (10th Cir. 2002).  One such statutory basis is found in 28 U.S.C § 1332(a).  Subject matter jurisdiction under § 1332(a) requires complete diversity among the parties and an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987); 28 U.S.C. § 1441.  When original jurisdiction is based on § 1332(a), "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  The party seeking to remove the case bears the burden to establish that its removal of the case to federal court is proper.  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

3

**DISCUSSION**

The Court first notes that Plaintiff does not dispute that Defendant is a citizen of Oklahoma for purposes of diversity jurisdiction. The citizenship of a limited liability company ("LLC") must be determined by evaluating the citizenship of each member of the LLC, down to each person and/or corporation. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."). Defendant supplemented its Response to Plaintiff's Motion for Remand to state that the sole member of Jai Shri Ganesh, LLC is a citizen of Oklahoma. Dkt. No. 22. Accordingly, the Court finds that Defendant is a citizen of Oklahoma for purposes of diversity jurisdiction. The Court further finds that the jurisdictional requirement of $75,000, exclusive of interest and costs, under 28 U.S.C. § 1332(a) is satisfied here where Plaintiff has explicitly pled the jurisdictional amount in his Petition and neither party contests same. *See* Dkt. 2-1 at ¶¶ 1-2. Therefore, the sole issue before the Court is whether Plaintiff was domiciled in Oklahoma or Texas at the time of filing his Petition.

The party invoking diversity jurisdiction, bears the burden of proving its existence by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Mid–Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940)). This burden may be satisfied by leaning on a rebuttable presumption that domicile, once established, remains the same. *Id*. (citing *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353 (1874) ("A domicile once acquired is presumed to continue until it is shown to have been changed.")). However, this presumption is rebuttable, and the party seeking to rebut it bears only a burden of production. *Id*. In other words, the opposing party may overcome the presumption by producing sufficient evidence suggesting that domicile has changed. *Id.*

"For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton*, 749 F.3d at 1200. Domicile is determined by "consider[ing] the totality of the circumstances . . . and any number of factors might shed light on the subject in any given case." *Id*. at 1200-01. Relevant factors other than residence may include "voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." *Id*. at 1201 (quoting 13E Charles Alan Wright, et al., Federal Practice and Procedure § 3612, at 536-41 (3d ed. 2009)); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (driver's license is relevant to determine person's domicile). "To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (quoting *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).

Additionally, because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state. *Id*. However, this presumption is also rebuttable. *Id*. While the Court should accord weight to the prisoner's stated intentions following incarceration, the Court should also consider other factors such as "the possibility of parole . . . , the manner in which [he] has ordered his personal and business transactions, and any other factors that are relevant to corroboration of [the prisoner's] statements." *Id*. (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1126–27 (6th Cir. 1973)).

5

Defendant, as the party invoking diversity jurisdiction, bears the burden of proving its existence by a preponderance of the evidence. *Middleton,* 749 F.3d at 1200. Additionally, because Plaintiff was incarcerated at the time of filing his Petition, Plaintiff's domicile will be determined by Plaintiff's domicile prior to incarceration. *Smith*, 445 F.3d at 1260   In invoking diversity jurisdiction, Defendant stated that Plaintiff was domiciled in Texas prior to his incarceration and provided the following evidence in support of that contention:

1. A registration slip for the Holiday Motel dated September 16, 2019 signed by Plaintiff, listing an address of 302 Sunset Drive, Hooks, TX 75561;[3]

2. A memoranda of transfer form dated September 20, 2019 signed by Plaintiff's wife, listing an address of 302 Sunset Drive, Hooks, TX 75561;

3. A medical document for Plaintiff from Paris Regional Medical Center dated October 13, 2019, listing an address of 302 Sunset Drive, Hooks, TX 75561;

4. A form for Plaintiff from Choctaw County Ambulance Authority dated November 20, 2019, listing an address of 302 Sunset Drive, Hooks, TX 75561;

5. A photo of Plaintiff's Texas driver's license; and

6. A comprehensive assessment plan dated January 12, 2022 signed by Plaintiff, stating that he "expects to parole to his home in Bowie County TX."

Dkt. Nos. 12-1; 12-2; 12-3; 12-4; 12-6; and 18-1. The evidence shows that in the months leading up to Plaintiff's incarceration, both Plaintiff and his wife listed a Texas address as their residence on various documents, including documents for the purpose of receiving medical treatment. Dkt. Nos. 12-1, 12-2, 12-3, and 12-4. Even more, Plaintiff had a Texas driver's license issued January 11, 2019 at the same Texas residential address. Dkt. No. 18-1. To obtain a Texas driver's license, an individual must present two (2) official documents which indicate and verify the individual's

---

[3] Although not necessarily indicative of domicile, the Court notes that the phone number provided by Plaintiff on the registration slip has a Texas area code.

Texas residential address.⁴  The Court finds that this evidence is sufficient to invoke the presumption that Plaintiff was domiciled in Texas prior to incarceration.

To rebut the presumption, and to establish a change in domicile to Oklahoma, Plaintiff provided the following evidence:

1. An affidavit signed by Plaintiff stating that "immediately prior to [Plaintiff's] incarceration in 2020, [Plaintiff] resided at 3347 E. 2105 Road, Hugo, OK 74743 . . ." and that upon his release from East Texas Treatment Facility he "intend[s] to return to Oklahoma and live with [his] father";

2. An affidavit from his mother, Patricia Peacock, which states that while she "would occasionally receive mail for [Plaintiff] . . . [Plaintiff] did not reside at 302 Sunset Drive, Hooks, Texas" and that "to [her] knowledge, it is [Plaintiff's] desire to return to Oklahoma to care for his father"; and

3. An appearance bond form dated December 5, 2019 signed by Plaintiff, listing an address of 3427 East 2015 Rd., Hugo, OK.

Dkt. Nos. 9-3 at ¶ 3; 13-1; 13-2.  While the affidavits and appearance bond form certainly hold weight, the Court finds that they do not sufficiently suggest that Plaintiff's domicile changed to Oklahoma prior to his incarceration.

For example, while Ms. Peacock states in her affidavit that Plaintiff did not live with her at the 302 Sunset Drive, Hooks, Texas address, she confirms that Plaintiff had his personal mail delivered there.  Dkt. No. 13-1.  Ordering personal mail delivered to a residential address is an "aspect[ ] of human life and activity" which would indicate residence at that particular address. *Middleton*, 749 F.3d at 1200.  Further, while Plaintiff provided a copy of the appearance bond form to corroborate his affidavit, both the residence number and street number for the address provided differ between the form and the affidavit.  Dkt. Nos. 13-2, 13-2.  The Court finds that Plaintiff's self-serving affidavits and appearance bond form, which is inconsistent with the address

---

⁴  *See* TEXAS DEPARTMENT OF PUBLIC SAFETY, https://www.dps.texas.gov/section/driver-license/texas-residency-requirement-driver-licenses-and-id-cards (last visited August 24, 2022).

provided in the affidavit, do not constitute sufficient evidence to suggest that Plaintiff's domicile had changed to Oklahoma prior to his incarceration. Plaintiff does not provide evidence that he obtained an Oklahoma driver's license, that he arranged to have his mail forwarded to his Oklahoma residence, or any other aspect of human life and activity which would indicate domicile in Oklahoma. Without further evidence from Plaintiff, the Court is unable to find that Plaintiff has overcome the presumption that Plaintiff was a citizen of Texas prior to his incarceration.

The evidence before the Court shows that Plaintiff had a Texas driver's license, that he had his personal mail delivered to a Texas residential address, that he and his wife listed that same Texas residential address on various documents, including Plaintiff's medical records, in the months leading up to his incarceration, and, that just thirteen (13) days prior to signing the affidavit submitted with the instant Motion, Plaintiff stated that it was his intention to *return "home"* to Texas. Dkt. Nos. 12-1; 12-2; 12-3; 12-4; 12-6; 13-1; and 18-1. The Court therefore finds that the totality of the circumstances of Plaintiff's activity demonstrates that Plaintiff was domiciled in Texas prior to his incarceration. For this reason, the Court finds that there is complete diversity among the parties and that this matter was properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1332(a).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Mike McClure's Motion to Remand to State Court [Dkt. No. 9] is DENIED.

DATED this 24th day of August 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE